**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

APR 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TITUS STRIPLIN, an individual,

Plaintiff-Appellant,

v.

SHAMROCK FOODS COMPANY, INC.,
an Arizona Corporation,

Defendant-Appellee.

No. 16-55618

D.C. No.
5:15-cv-00664-JGB-KK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted March 5, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and CHRISTENSEN,[**] Chief
District Judge.

Plaintiff-Appellant Titus Striplin ("Striplin") appeals the district court's

order granting Defendant Shamrock Foods Company, Inc.'s ("Shamrock") motion

for summary judgment. Striplin argues that the district court abused its discretion

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

when it did not consider Striplin's untimely filed documents, and that there were triable issues on all claims. We have jurisdiction pursuant to 28 U.S.C. § 1291.

First, the district court abused its discretion when it refused to admit Striplin's untimely filed documents. The illness of counsel, which constituted excusable neglect, combined with the length of delay, only three hours, supports the conclusion that the filing of these documents should have been allowed. However, there is nothing contained in these documents that raised a genuine dispute of material fact sufficient to prevent summary judgment. Thus, this error was harmless, and the district court did not err in granting summary judgment for Shamrock.

The district court properly granted summary judgment on Striplin's retaliation claim under Section 1102.5 of the California Labor Code because Striplin failed to raise a genuine dispute of material fact as to whether he had engaged in a protected activity. *See Mokler v. Cty. of Orange*, 68 Cal. Rptr. 3d 568, 580 (Cal. Ct. App. 2007).

The district court also properly granted summary judgment on Striplin's discrimination claims under the Fair Employment and Housing Act ("FEHA") because workplace stress related to the employee's job performance is not a cognizable disability under FEHA. *Higgins-Williams v. Sutter Med. Found.*, 187 Cal. Rptr. 3d 745, 750 (Cal. Ct. App. 2015). Thus, Striplin is unable to establish a

prima facie case of discrimination, and even if he was, he failed to raise a genuine dispute of material fact as to whether Shamrock had knowledge of his disability. *Brundage v. Hahn*, 66 Cal. Rptr. 2d 830, 836 (Cal. Ct. App. 1997). Similarly, because Striplin failed to put Shamrock on notice of his disability and request for accommodation prior to his termination, summary judgment was properly granted on his accommodation claim under FEHA. *King v. United Parcel Serv., Inc.*, 60 Cal. Rptr. 3d 359, 374 (Cal. Ct. App. 2007).

Striplin's wrongful discharge in violation of public policy claim premised on Shamrock's alleged violation of California Labor Code § 1102.5 fails as well. Striplin has not established that a predicate violation of the law occurred. *Tameny v. Atl. Richfield Co.*, 610 P.2d 1330, 1336 (Cal. 1980).

Next, the district court properly found that Striplin's claims for intentional infliction of emotional distress were preempted by California workers' compensation remedy. *Miklosy v. Regents of Univ. of Cal.*, 44 Cal. 4th 876, 903 (Cal. 2008).

Summary judgment was also properly granted in favor of Shamrock regarding Striplin's claims under California Labor Code §§ 201, 224, and 226 because the district court properly found that Shamrock correctly paid Striplin when it issued his final paycheck. *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1128 (N.D. Cal. 2014) (citing *Reinhardt v. Gemini Motor Transp.*, 879 F. Supp. 2d

1138, 1141 (E.D. Cal. 2012)).  Finally, the district court did not enter summary

judgment on these claims by default and, thus, Federal Rule of Civil Procedure

56(e) does not afford Striplin any relief.

**AFFIRMED.**